

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2006

# Stolt Nielsen v. USA

Precedential or Non-Precedential: Precedential

Docket No. 05-1480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stolt Nielsen v. USA" (2006). *2006 Decisions.* Paper 997.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/997

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1480

STOLT-NIELSEN, S.A.;
STOLT-NIELSEN TRANSPORTATION GROUP LTD.;
RICHARD B. WINGFIELD

v.

UNITED STATES OF AMERICA

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-00537)
District Judge: Honorable Timothy J. Savage

Argued September 30, 2005

Before: ALITO[*] and AMBRO, <u>Circuit Judges</u>
RESTANI,[**] <u>Judge</u>

(Opinion filed March 23, 2006)

<u>ORDER AMENDING PUBLISHED OPINION</u>

_____

[*] Then Judge, now Justice, Alito heard oral argument in this case but was elevated
to the United States Supreme Court on January 31, 2006. This opinion is filed by a
quorum of the panel. 28 U.S.C. § 46(d).

[**] Honorable Jane A. Restani, Chief Judge, United States Court of International
Trade, sitting by designation.

AMBRO, Circuit Judge

IT IS NOW ORDERED that the published Opinion in the above case filed March 23, 2006, be amended as follows:

On page 12, lines 7-8, replace "James Griffin, the Assistant Attorney General in charge of the Antitrust Division" with "James Griffin, a Deputy Assistant Attorney General in the Antitrust Division".

On page 15, at the bottom of page, replace the last three lines (from "There are exceptions" to "has recognized,") with the following: "There is an exception to this general rule, however, in order to avoid a chilling effect on constitutional rights. See Dombrowski v. Pfister, 380 U.S. 479, 486–87 (1965) (recognizing that the threat of criminal prosecution creates the potential for a serious chill upon First Amendment rights); Hynes v. Grimes Packing Co., 337 U.S. 86, 98–99 (1949) (recognizing that the threat of prosecution may deny fishermen the right to earn a livelihood); Truax v. Raich, 239 U.S. 33, 38–39 (1915) (recognizing that the threat of prosecution may lead to an unconstitutional denial of the right to earn a livelihood and to continue employment). The Supreme Court has typically applied this exception in the First Amendment context, and in such cases has recognized".

On page 16, at the beginning of the first line after the block quote, replace "Dombrowski v. Pfister, 380 U.S. 479, 486-87 (1965)" with "Dombrowski, 380 U.S. at 486-87 ".

On page 17, lines 4-5 in the second full paragraph, replace "situations, typically those where the mere threat of prosecution would inhibit the exercise of First Amendment freedoms" with "situations where the mere threat of prosecution would inhibit the exercise of constitutional freedoms".

On page 17, lines 8-11 in the second full paragraph, replace the sentence beginning "The question thus becomes" with "The question thus becomes whether, even when there is no risk of a chilling effect on constitutional rights, the existence of an immunity agreement provides federal courts with authority to enjoin a federal criminal prosecution in order to avoid the filing of an indictment."

On page 18, line 4 in the first full paragraph, replace "would be a good idea" with "might be useful".

On page 18, lines 4-6 in the first full paragraph, replace the sentence beginning "As we explain" with "We point out, however, that no federal court (including the

Seventh Circuit) has held that a pre-indictment determination is constitutionally required."

On page 21, lines 1-2 at the top of the page, replace "an unconstitutional chilling effect on First Amendment rights" with "a chilling effect on constitutional rights".

On page 26, lines 12-13 in the first full paragraph, replace "may chill First Amendment rights" with "may chill constitutional rights".

On page 26, lines 14-15 in the first full paragraph, replace "cases in which the Supreme Court and Courts of Appeals have held" with "cases from the Supreme Court and Courts of Appeals that lead us to conclude".

On page 27, lines 2-3 in footnote 7, replace "need not" with "do not".

By the Court,

/s/ Thomas L. Ambro, Circuit Judge

Dated: May 16, 2006

ARL/cc: JPF; JJP; JAB; ADB; IAC; CMC; GAD; JMG; RDL